IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF ANDERSON EXCAVATING CO., a Nebraska corporation; <br><br> Plaintiff/Counter Defendant, <br><br> vs. <br><br> KIEWITPHELPS, a Joint Venture; <br><br> Defendant/ Counterclaimant <br><br> vs. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation (Bond No. 041-SB-105826131); TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation (Bond No. 041-SB-105826131); <br><br> Defendants, <br><br> vs. <br><br> UNIVERSAL SURETY COMPANY; <br><br> vs. <br><br> Counter Defendant. | 8:19CV303 <br><br> **MEMORANDUM AND ORDER** |

Defendants KiewitPhelps, a Joint Venture, Travelers Casualty and Surety Company of America, and Travelers Indemnity Company (collectively, Defendants) moved to strike the demand for jury trial made by Plaintiff United States of America, for the use of Anderson Excavating Co., and Counterclaim Defendant Universal Surety Company as to all claims in this matter against all parties. (Filing No. 36).

KiewitPhelps was the contractor for the construction of the United States Strategic Command Replacement Facility Project at Offutt Air Force Base. KiewitPhelps and Plaintiff entered into a Subcontract in which Plaintiff agreed to complete certain "Earthwork and Demolition work" for the construction of the US STRATCOM Replacement Facility at Offutt Air Force Base. (Filing No. 38-2 at CM/ECF p. 15). Subsection 13.0 of the Subcontract states:

> **WAIVER OF TRIAL BY JURY** – Subcontractor waives any right to a jury trial in any dispute between Contractor and Subcontractor.

(Filing No. 38-2 at CM/ECF p. 10).

Universal Surety Company issued Subcontract Performance Bond No. 109595 for the project at issue on behalf of Plaintiff as the bond principal and naming KiewitPhelps as the obligee under the performance bond. (Filing No. 38-2 at CM/ECF p. 66). The performance bond incorporates the Subcontract, and it is "deemed a part hereof as fully as if set forth herein." (Filing No. 38-2 at CM/ECF p. 66).

The Seventh Amendment of the United States Constitution guarantees the right to a jury trial in certain civil cases, and Fed. R. Civ. P. 38(a) provides, "[t]he right of trial by jury as declared by the Seventh Amendment ... is preserved to the parties inviolate."

> However, this right may be expressly or impliedly waived, and "[a]n express waiver of the right to a jury trial may occur by contract." Thomas v. Vista A & S 2006–I LLC, No. 4:09CV3143, 2010 WL 3119802, at *1 (D. Neb. Aug. 5, 2010) (citing cases).
>
> In the Eighth Circuit, the party seeking enforcement of a specific waiver clause [. . .] has the burden of showing the waiver was "knowing" and "voluntary," ERA Franchise Sys., LLC v. Realty Linc, Inc., No. 8:08cv149, 2009 WL 464942, at *1 (D. Neb. Feb. 23, 2009).

> Determining whether a particular jury-waiver clause is knowing and voluntary requires considering such factors as whether the waiver provision is part of a standardized form agreement or a purposefully drafted document; whether the waiver is in fine print, in large or bold print, or in its own paragraph; the sophistication of the parties; whether the parties were represented by counsel; the general bargaining positions of the parties; and whether there was an opportunity to review the contract and the waiving party did so. *See* Thomas, 2010 WL 3119802, at *2; Coop. Fin. Ass'n v. Garst, 871 F. Supp. 1168, 1172 (N.D. Iowa 1995).

Cyclonaire Holding Corp. v. Baker, No. 4:16CV467, 2017 WL 3206894, at *11 (D. Neb. Apr. 11, 2017).

Defendants allege Plaintiff "knowingly and voluntarily entered into a Subcontract which contains a clear and unambiguous jury waiver, providing Anderson waives 'any right' to a jury trial in 'any dispute' related to the Subcontract." (Filing No. 37 at CM/ECF pp. 1-2). Defendants allege the Subcontract is a document that was drafted to include terms specific to the project at Offutt Air Force Base and contains plain language, with parts capitalized and bolded, showing the parties agreed to the jury waiver. Defendants also argue that Plaintiff relies upon the freely-negotiated Subcontract terms to support its arguments in this matter, therefore it has embraced the terms of the Subcontract.

Defendants allege the jury waiver applies to "any dispute" between KiewitPhelps and Plaintiff, including all the counterclaims between the various parties. Defendants assert the jury waiver provision applies to Plaintiff's Miller Act claim against Travelers Indemnity Company, arguing that courts have applied jury waiver provisions to find Miller Act claimants had waived their right to jury trial, (see United States ex rel. Collins Plumbing, Inc. v. Turner-Penick Joint Venture, No. 3:11-cv-2834, 2013 WL 5462278 (S.D. Cal. Sept. 30, 2013)), as well as KiewitPhelps' counterclaim against University Surety, arguing the performance bond incorporates the Subcontract by reference "as fully as if set forth herein." (Filing No. 37 at CM/ECF p. 5)

Defendants' motion to strike the jury demands by Plaintiff and Universal Surety Company was filed on April 10, 2020 and no response brief was filed by any party. The motion is therefore deemed unopposed and the facts alleged in Defendants' brief are deemed admitted for the purpose of this motion only. The jury waiver in the subcontract is clear and unambiguous. The parties are sophisticated businesses and the contracts and bonds at issue are worth millions of dollars. It does not appear that any of the parties are in unequal bargaining position. The Subcontract contains an explicit and unambiguous waiver of the right to a jury trial and this provision is enforceable as to claims between Plaintiff and KiewitPhelps. Further, the Performance Bond expressly and fully incorporates the language of the Subcontract. Therefore, the terms of the Subcontract, including the jury waiver, apply equally to KiewitPhelps' counterclaim against Universal Surety Company.

Accordingly,

IT IS ORDERED that Defendants' Motion to Strike Jury Demand ([Filing No. 36](#)), including the jury demands of Plaintiff United States of America for the use of Anderson Excavating Co., and Counter Defendant Universal Surety Company, is granted.

Dated this 11th day of May, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
