IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF ANDERSON EXCAVATING CO., a Nebraska corporation; <br><br> Plaintiff, <br><br> vs. <br><br> KIEWITPHELPS, a Joint Venture; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation (Bond No. 041-SB-105826131); and TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation (Bond No. 041-SB-105826131); <br><br> Defendants. | 8:19CV303 <br><br> ORDER |

On June 12, 2020, the court held a discovery dispute conference with Plaintiff United States of America, for the use of Anderson Excavating Co. ("Anderson") and Defendant KiewitPhelps ("KiewitPhelps").

Prior to the conference, KiewitPhelps sent the court an outline of the disputed discovery requests. Those discovery requests included: KiewitPhelps' Interrogatory Nos. 6, 7, 10, 12-14, and 16-18, and KiewitPhelps' Requests for Production of Documents Nos. 6, 10, 11, 17-18 and 26-28.

As to the interrogatories, KiewitPhelps argues that Anderson's answers are vague, claiming that Anderson has made certain specific assertions in its complaint, but in response to KiewitPhelps' interrogatories, states it is not aware of the facts supporting those allegations. Anderson argues, in turn, that many of

the individuals who would have specific knowledge related to those assertions are either deceased or have separated from employment with Anderson. Anderson claims that it needs to conduct further discovery before it could answer the interrogatories in more detail.

At the conference, the court and the parties agreed that Anderson would supplement its answers the interrogatories at this time, indicating under oath that the facts and information included in its answers were the full universe of responsive facts known to Anderson at present. Anderson further agreed with the court that Anderson is required to promptly and continuously supplement its responses as it became aware of any additional, responsive information.

As to the requests for production, KiewitPhelps claims that Anderson has largely failed to identify specific documents and that Anderson failed to use Bates stamping or an equivalent identification method to delineate between the documents it has produced. Anderson argues in response that the records it possessed were largely paper files and that it did not have a way to meaningfully organize and Bates stamp that discovery.

To address the issue with document production and identification, during the conference on June 12, 2020, the court and the parties agreed that counsel for KiewitPhelps would digitize and Bates stamp the paper discovery previously produced by Anderson, and share those documents with Anderson as soon as practicable. The court ordered Anderson to supplement its responses to KiewitPhelps' document production requests, identifying responsive documents by the newly applied Bates numbers, within two weeks of receipt of those digitized, stamped documents.

The court then set a follow-up status conference with the parties for July 14, 2020 to determine status of the above supplementation, and to discuss other discovery issues.

On July 14, 2020, the court held its follow-up discovery conference with the parties. At the conference, the court learned that Anderson had not supplemented its discovery in full compliance with the court's directive at the last hearing. KiewitPhelps had provided Anderson with a link to the Bates numbered documents as requested by the court. However, counsel for Anderson informed the court at the conference that the emailed link to the documents was delivered to a "junk" or "spam" email folder, and counsel had not immediately realized that it had been received.

Setting aside whether Anderson had failed to comply with the court's oral ruling, after discussing the matter with the parties, the court agreed to allow Anderson ten additional days to review the digital documents and supplement its previous discovery responses.

The court and the parties also discussed KiewitPhelps' anticipated document production. KiewitPhelps represented to the court that the breadth of documents to be reviewed is enormous, with over 100,000 documents currently identified. KiewitPhelps informed the court that it had previously asked Anderson whether it objected to KiewitPhelps narrowing the pool of documents for review by performing a keyword search of documents created or held by certain identified custodians. Anderson represented at the hearing that it did not object, so long as it was not waiving its right to later request additional documents that may not have been located using the proposed keyword and custodian searches. The court agreed that the issue could be readdressed at a later time, subject to a possible

award of costs if a later re-review of the document pool could have been avoided from the outset.

The court gave the parties ten days to discuss the proposed list of custodians and keywords and to agree on the parameters of KiewitPhelps' document review. The court further ordered that KiewitPhelps respond to Anderson's written discovery requests and make an initial document production on or before August 14, 2020.

Finally, the parties discussed the deposition of Tanner Almery. The parties agreed that KiewitPhelps can contact Mr. Almery for the purpose of setting up his deposition but that KiewitPhelps cannot have substantive conversations about this case with Mr. Almery. The court also instructed the parties to work in good faith to obtain responsive documents, including, but not limited to, messages from Mr. Almery's Yahoo! email account. The court directed the parties to be prepared to discuss progress on this issue, along with the foregoing document production and response issues discussed in this order, at a status conference set by the court for September 16, 2020.

Accordingly,

IT IS ORDERED:

1)   On or before July 24, 2020, Anderson shall fully supplement its discovery responses in accordance with the foregoing. Anderson's supplemental responses will specifically indicate that each response includes all relevant information known to Anderson at this time. Anderson will reference documents digitized and stamped by KiewitPhelps in its responses, as applicable, and will identify those documents using the Bates

numbers KiewitPhelps provided. Anderson's supplemental responses to KiewitPhelps' interrogatories and requests for production of documents will be made under oath and notarized.

2) On or before July 24, 2020, the parties shall confer in good faith regarding the proposed list of custodians and keywords applicable to KiewitPhelps' review of potentially responsive documents.

   a. If after July 24, 2020, Anderson identifies additional keywords or custodians that it believes must be used in order for KiewitPhelps to review and produce all relevant, requested discovery, Anderson will promptly confer with KiewitPhelps in an effort to amicably evaluate whether the proposed search is necessary and how the cost of the additional search will be allocated.

   b. In the event that Anderson identifies new custodians or keywords, but the parties cannot amicably agree as to whether further document searches are necessary or how the cost should be split, the parties shall contact the chambers of the undersigned magistrate judge to set a discovery dispute conference on that issue, with motion practice to follow as necessary.

   c. Anderson shall bear the full cost of any additional search if it knew or should have known that the custodian or keyword at issue was potentially responsive at the time the parties prepared their initial keyword and custodian lists. If Anderson could not reasonably have known about the existence of the proposed new custodian or keyword at the time the initial list was created, and the court finds that the proposed keyword or custodian may lead to relevant information as

defined under the federal rules, the court will evaluate at that time how to allocate the cost of any additional search.

3) The deadline for KiewitPhelps to answer Anderson's pending discovery requests is August 14, 2020. On that date, KiewitPhelps will also make an initial production of documents, in the anticipation that documents will be produced thereafter on a rolling basis.

Dated this 20th day of July, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge