IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF ANDERSON EXCAVATING CO., a Nebraska corporation;<br><br>    Plaintiff,<br><br> vs.<br><br>KIEWITPHELPS, a Joint Venture; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation (Bond No. 041-SB-105826131); and  TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation (Bond No. 041-SB-105826131);<br><br>    Defendants. | 8:19CV303<br><br>ORDER |

  Pending before me is the motion to compel filed by Defendants, (Filing No. 50). The Plaintiff has not responded and the deadline for doing so has passed. The motion is deemed fully submitted. For the reasons discussed below, the motion will be granted with attorney fees assessed against Plaintiff.

  The court's written order entered on July 20, 2020, (Filing No. 49), memorialized the court's oral discovery order entered on June 12, 2020, (Filing No. 48), and it outlined the facts underlying the Defendants' ongoing efforts to obtain discovery from Plaintiff. The facts within the July 20, 2020 order are incorporated herein and will not be repeated in this order. As relevant to the pending motion, July 20, 2020 order required:

> On or before July 24, 2020, Anderson shall fully supplement its discovery responses in accordance with the foregoing. Anderson's supplemental responses will specifically indicate that each response includes all relevant information known to Anderson at this time. Anderson will reference documents digitized and stamped by KiewitPhelps in its responses, as applicable, and will identify those documents using the Bates numbers KiewitPhelps provided. Anderson's supplemental responses to KiewitPhelps' interrogatories and requests for production of documents will be made under oath and notarized.

(Filing No. 49, at CM/ECF pp. 4-5).

On July 27, 2020, defense counsel sent an email to Plaintiff's counsel stating:

> We have not received update discovery responses from you per the court's order. We've had some issues receiving mailed documents previously, and we also did not receive a certificate of service indicating that you had mailed them. If you mailed them, could you please send electronic copies so we make sure we receive them?

(Filing No. 52-12). As of July 31, 2020, Anderson had not served supplemental responses to KiewitPhelps' Discovery Requests as first ordered by the Court on June 12, 2020, and again ordered in writing on July 20, 2020. (Filing No. 52-1, at CM/ECF p. 3, ¶ 14). Anderson has neither responded to the pending motion to compel nor filed a certificate stating the discovery was served.

ANALYSIS

The court need not and does not address the merits of Defendants' discovery requests. Those decisions have been made. The issue now before the court is how to address Plaintiff's failure to comply with the court's discovery orders.

Federal Rule of Civil Procedure 37(b)(2) allows the court to sanction a party that fails to comply with court orders. Specifically, subsection (A) provides

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.

Fed. R. Civ. P. 37(b)(2)(A). The available sanctions include: staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; treating as contempt of court the failure to obey the order; and striking pleadings in whole or in part. Id. And either "instead of or in addition to" the sanctions outlined above, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Anderson's discovery conduct, or lack thereof, is preventing the progression of this case and prejudicing Defendants' ability to understand the factual basis for allegations raised within Plaintiff's complaint. The court has reviewed the numerous letters sent to Plaintiff's counsel to persuade compliance or at least discuss Plaintiff's failure to comply. At the court's encouragement, defense counsel agreed to run Optical Character Recognition software and Bates-stamp Defendant's scans of documents produced, in paper, by Plaintiff's counsel. Defense counsel then uploaded those documents to cloud-share them with Plaintiff's counsel, thus further facilitating Plaintiff's ability to respond—all to no avail. The court has listened to lengthy discussions regarding the discovery at issue. No discovery deadline was imposed by the court without first conferring with Plaintiff's counsel. Despite all these efforts by defense counsel and the court, Plaintiff has failed to comply with the court's orders. Under such circumstances,

the court finds Defendant is entitled to Defendant's attorney fees and costs for its efforts to obtain the discovery at issue, including "all time related to the March 5, 2020 hearing, the meet-and-confer letters, the June 12, 2020 hearing, the July 14, 2020 hearing and this motion." ([Filing No. 51, at CM/ECF p. 6](#)).

Accordingly,

IT IS ORDERED:

1) Defendant's motion to compel and for Rule 37 sanctions, ([Filing No. 50](#)), is granted.

2) On or before August 31, 2020, Plaintiff shall fully respond to discovery as previously ordered by the court in its order dated July 20, 2020, ([Filing No. 49](#)).

3) Defendant is entitled to reimbursement of attorney fees and costs incurred for its efforts to obtain the discovery at issue, including all time related to the March 5, 2020 hearing, the meet-and-confer letters, the June 12, 2020 hearing, the July 14, 2020 hearing and this motion.

4) On or before September 8, 2020, Defendant shall submit an itemized billing statement of its fees to Plaintiff.

5) Plaintiff's counsel shall respond to this itemization within ten days thereafter.

6) If the parties agree as to the amount to be awarded, on or before September 15, 2020, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendant.

7) If the parties do not agree on the attorney fees and costs to be awarded, or if Plaintiff does not timely respond to Defendant's itemization and demand, Defendant shall file a motion for assessment of attorney fees and costs by no later than September 18, 2020. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

8)   If a motion for fees is required, the court may award Defendant up to an additional $1000.00 to recover the cost of preparing its motion for assessment of fees.

August 17, 2020

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge